IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| AUDRIE BEHNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:13-CV-086 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of | § | |
| Social Security, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**TO AFFIRM THE DECISION OF THE COMMISSIONER**

Plaintiff AUDRIE BEHNE brings this cause of action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant CAROLYN W. COLVIN, Acting Commissioner of Social Security (Commissioner), denying plaintiff's applications for disability benefits and disability insurance benefits. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding plaintiff not disabled and not entitled to benefits be affirmed.

I.
PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income benefits and for disability insurance benefits on September 17, 2009, alleging she was disabled as of April 30, 2006. Plaintiff claims she is disabled due to a history of B12 deficiency, anxiety, peripheral neuropathy, COPD, hypertension, GERD, cervical and lumbar degenerative disc and joint disease, a herniated disc,

and arthritis.

The claim was initially approved on July 1, 2009, but was later denied on February 3, 2010. It was denied upon reconsideration on April 19, 2010. An administrative hearing was held on February 14, 2011. At the time of the hearing, plaintiff was sixty-two years old and had past relevant work experience in a job where she performed duties as both an administrative assistant and as a bartender. During the ALJ hearing, plaintiff's testimony regarding whether the two parts of her job (administrative assistant and bartender) were two separate jobs or were two inseparable parts of one job differed. At one point, plaintiff testified that "[bartending and working as an administrator were] kind of two different jobs," and, when asked if she could have just performed one job, she said, "I could have." (Tr. 40). But when asked if she was required to work both jobs, plaintiff testified, "yes," although her stated reason for being required to work both jobs was that if she did not do both jobs, it would be difficult to find someone else to fill in.

On March 23, 2011, the ALJ issued an unfavorable decision, denying plaintiff disability benefits at step four of the five-step sequential analysis. Upon the Appeals Council's denial of plaintiff's request for review on May 16, 2012, the ALJ's determination that plaintiff was not disabled became the final decision of the Commissioner. Plaintiff now seeks judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

II.
ISSUES PRESENTED

Plaintiff contends the Commissioner erred by:

1. Failing to consider plaintiff's administrative assistant and bartending work as a single "composite job" when determining plaintiff was capable of performing her past relevant work, and

2. Failing to consider the accommodations plaintiff received when finding

plaintiff was not disabled based upon her ability to perform her past relevant work.

## III.
## STANDARD OF REVIEW

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). A worker is disabled if the worker cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months. *Id.* § 423(d)(1)(A). The Commissioner has promulgated a five-step sequential evaluation process in making a disability determination. *See* 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of the analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). At the fifth step, the burden shifts to the Commissioner to show jobs claimant is capable of performing exist in the national economy. *Id.*

In reviewing the propriety of an administrative decision of not disabled, the reviewing federal court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It is more than a scintilla but less than a preponderance. *Id.,* 91 S.Ct. at 1427. To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining

physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)). While procedural perfection is not required, the ALJ does have a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

If the Commissioner's findings are supported by substantial evidence, the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). The level of review is not *de novo*. Even if the ALJ *could* have found plaintiff to be disabled, the only issue for a reviewing federal court is whether there was substantial evidence to support the ALJ's decision.

## IV.
## MERITS

### A. Composite Job

Plaintiff Behne first contends the ALJ erred in determining she was capable of performing her past relevant work because the ALJ failed to consider her bartending and administrative assistant duties together, as inseparable components of a single "composite job." On this issue there is contradictory testimony. Some of the evidence indicates the jobs were separable but other evidence indicates plaintiff's previous work required her to perform both sets of duties. The issue, however, is whether there is evidence sufficient to support the ALJ's

determination plaintiff was capable of performing her past relevant work as an administrative assistant where the ALJ did not expressly discuss whether plaintiff was performing a single composite job or two separate jobs.

>Social Security Ruling 82-61 states:
>
>[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine how a particular job is usually performed, it may be necessary to utilize the services of a vocational specialist or vocational expert.

Different courts have reached different conclusions in their interpretation of this ruling. District courts in the Eleventh circuit have found that when a person is required to work what would be defined as two separate jobs by the Dictionary of Occupational Titles, that person is not capable of performing their past relevant work unless they are capable of performing both jobs. *Roberts v. Astrue*, No. 8:08-cv-120-T-17EAJ, 2009 WL 722550 (M.D. Fl. March 18, 2009) (holding job requiring plaintiff to work as a maintenance man and a security guard could not be separated into its component parts). Under this interpretation, if plaintiff was required to work as both a bartender and an administrative assistant as a condition of her employment, and the job was a composite job she could have been found to be incapable of returning to her past relevant work if she could not perform both jobs.

District courts in the Second and Third circuits have held that if either or both of the jobs performed simultaneously are specifically listed in the Dictionary of Occupational Titles, and if the claimant is capable of performing one of the jobs, then the claimant is disqualified from receiving social security disability benefits. *See, e.g., Johnson v. Colvin*, No. 13-CV-6319, 2014 WL 1394365 (W.D. N.Y. April 9, 2014); *Garvia v. Astrue*, No. 08-1914, 2009 WL 1165342

(E.D. Penn. April 28, 2009). Those courts' rationale for denying benefits is that, even though the claimant is incapable of performing their particular past relevant work as it was actually performed, the claimant is capable of returning to their past relevant work as to one of the jobs "as it is performed in the national economy." Under this interpretation, if plaintff were capable of working as either a bartender or an administrative assistant, as that work is generally performed in the national economy, she would be found capable of returning to her past relevant work even though her previous work, as she actually performed it, required her to perform both jobs.

The facts of this case, as developed during the administrative hearing, support the ALJ's ultimate finding that the administrative assistant job was separate and distinct from plaintiff's bartending duties. As explained by the cases from the Second and Third circuits, the intent behind the composite job category is to differentiate between jobs listed in the DOT and those with no matching definition. By allowing for "composite jobs," the law avoids the possibility that people will be lumped into job categories in which their past work does not fit, generally into a job category comprising the simplest duties required of the claimant's previous work experience. This protects against people being declared capable of returning to their past relevant work as that work is defined by its lowest requirements. In this case, however, plaintiff was determined to have been performing two jobs which were distinctly defined in the DOT. Other than the fact that both jobs were at the same physical location, there was no overlap in the way the jobs were performed. In fact, their duties were separate and performed at different times. In her disability application, plaintiff indicated that working as an administrative assistant was her primary duty and that she worked as a bartender only on a fill-in basis. Tr. 144.

Plaintiff made similar assertions during the ALJ hearing, although upon questioning from counsel she stated the the bartending duties were necessary to her employment. Even if plaintiff was required to perform both jobs, there is nothing in the relation of the duties of one job to the other that makes them indefinable or inseparable. Consequently, the ALJ did not err by holding that plaintiff was capable of performing her past relevant work as an administrative assistant. The vocational expert testified an individual with the RFC found by the ALJ could perform the required duties of an administrative assistant as that job is performed in the national economy. The ALJ did not err by relying on the vocational expert testimony in holding plaintiff was capable of returning to her past relevant work as an administrative assistant.

### B. Accommodations

In her second issue, plaintiff contends the ALJ erred by considering her work at the Moose Lodge in his step four analysis because her work at the Moose lodge was not past relevant work because it was not substantial gainful activity. Behne argues that evidence of accommodations she received while working at the Moose Lodge rebutted the presumption that her work was substantial gainful activity, and the ALJ erred by failing to consider those accommodations.

Plaintiff's argument under this ground is not entirely clear. Some of the accommodations plaintiff references relate, or at least appear to relate, to the bartending job which the ALJ *did not* find plaintiff capable of performing.[1] Plaintiff does raise other issues, such as setting her own hours because of migraine headaches, that could relate to either her administrative assistant work or her bartending work. Because plaintiff's work as a bartender is irrelevant to this issue, the

---

[1] For example, the use of a bar stool would relate to the bartending job.

Court will consider the portion of plaintiff's argument that relates to any accommodations made with regard to plaintiff's work as an administrative assistant.

During the hearing, plaintiff testified that she worked "full-time, kind of full-time," and because her husband was her boss, she could set her own hours "[a]s long as [she] got the job done." Tr. 50. She also testified that "if [she] got a headache . . . [she] went home." *Id.*

In order to qualify as past relevant work, such work must have been substantial gainful activity. 20 C.F.R. § 404.1520. Substantial gainful activity is work activity that involved significant physical or mental activity, which is typically done for pay or profit, whether or not a profit is realized. 20 C.F.R. § 404.1572. Receiving wages over a certain threshold creates a presumption that work was substantial gainful activity.[2] That presumption, however, can be rebutted after analysis of five factors: (1) the nature of the claimant's work, (2) how well that work is performed, (3) any special conditions placed upon the work, (4) whether claimant is self employed, and (5) the time spent working. 20 C.F.R. § 404.1573. If work is done satisfactorily, and without extra assistance or more supervision than is usually given other people doing similar work, it may show the work rises to the level of substantially gainful activity. *Id.* Even work done under special conditions may show that the claimant has the necessary skills and ability to work at the substantial gainful activity level. *Id.* While the ALJ did not make a specific finding that plaintiff's past work was presumptively substantial gainful activity, plaintiff did not challenge at the administrative level, and has not argued here, that her employment was not substantial gainful activity. Consequently, the Court does not address the issue of whether

---

[2] The ALJ did not address whether plaintiff's past employment was substantial gainful activity. Claimant's argument, however, is based upon a statute which allows a claimant to rebut a presumption that one was engaged in substantial gainful activity if one earns over a certain amount of money working at that job. Consequently, it does not appear that plaintiff is challenging that the compensation plaintiff received qualified as substantial gainful activity.

plaintiff's income for her work as an administrative assistant was sufficient to presumptively qualify as substantial gainful activity.

The only accommodation applicable appears to be that plaintiff was permitted some flexibility in her work schedule and could leave work because of headaches. During the ALJ hearing plaintiff never raised any serious challenge to the use of her administrative assistant employment as past relevant work on the basis it was not substantial gainful activity. While counsel for plaintiff asked questions concerning the conditions of her employment, none of the conditions described during the hearing would rise to the level of evidence that would apprise the ALJ that the administrative assistant work was not substantial gainful activity or of the need to make findings regarding other accommodations. *See Armstrong v. Colvin*, No. CIV-12-190-SPS, 2013 WL 5416898 at *4 (E.D. Okla. 2013) (holding an ALJ errs where he fails to analyze evidence of accommodation actually presented).

Plaintiff has failed to show her work was accommodated to such a degree that it would not qualify as substantial gainful activity or as past relevant work. Work is considered accommodated where the payment for the work is so far removed from the work actually performed that the payment could be considered charitable or the work could be considered "make work." *See, e.g.*, *Thompson v. Sullivan*, 928 F.2d 276, 278 (8th Cir. 1991) (claimant paid the same amount each month regardless of amount of work actually completed, work missed, or duties actually performed); *Pitts v. Sullivan*, 923 F.2d 561, 565 (7th Cir. 1991). Nothing stated by plaintiff or her attorney during the hearing indicated that plaintiff was paid regardless of work actually performed. While plaintiff testified she could make her own schedule and leave if she had a headache, she also testified that such leaving and schedule-setting was dependent upon her

completing her assigned work. Plaintiff presented no evidence she was not engaged in actual work, that the work she completed was not meaningful, that she received special assistance with her work, that she was paid regardless of the hours worked or days missed, or anything else that would indicate to the ALJ that her employment was not substantially gainful. The plaintiff does not argue to this Court what other specific accommodations she contends were made, nor did she present any claim about additional accommodations to the ALJ or to the VE during the administrative hearing. Thus, even if the ALJ erred by not making findings related to plaintiff's alleged accommodations, the failure to make findings would be harmless because plaintiff did not present evidence that her work was accommodated to the extent that it would fail to qualify as substantial gainful activity.

Lastly, the primary accommodation plaintiff claims she received—setting her own schedule and leaving early if her work was finished—were accommodations for plaintiff's migraine headaches. The ALJ found plaintiff's migraine headaches to be non-severe, having no more than a minimal effect on her ability to work (Tr. 21), and plaintiff does not challenge this determination. Accordingly, any accommodation for plaintiff's non-severe ailment would not be relevant to the determination of whether or not plaintiff's administrative assistant work was substantial gainful activity and qualified as past relevant work. Plaintiff's second issue is without merit.

## V.
## RECOMMENDATION

THEREFORE, for all of the reasons set forth above, it is the recommendation of the undersigned to the United States District Judge that the decision of the Commissioner finding

plaintiff Audrie Behne not disabled and not entitled to disability benefits be AFFIRMED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ____10th____ day of September 2014.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

      Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).