IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| AUDRIE BEHNE, | § § | |
| Plaintiff, | § § | |
| v. | § § | 2:13-CV-086 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | § § § § | |
| Defendant. | § § | |

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION and AFFIRMING DECISION OF COMMISSIONER

Plaintiff has appealed the decision of the Commissioner of the Social Security Administration denying plaintiff disability insurance benefits. The United States Magistrate Judge entered a Report and Recommendation on September 10, 2014, recommending that the decision of the Commissioner be affirmed. Plaintiff timely filed objections to the Report and Recommendation on September 22, 2014.

In part C of her objections, plaintiff objects to the Magistrate Judge's citations to *Garcia v. Astrue*, No. 08-1914, 2009 WL 1165342 (E.D. Pa. Apr. 28, 2009) and *Johnson v. Colvin*, No. 13-CV-6319, 2014 WL 1394365 (W.D.N.Y. April 9, 2014). Plaintiff contends the Magistrate Judge's reliance on these cases was erroneous and that these cares are distinguishable.

Plaintiff's contention that both of these cases are distinguishable is correct. In *Garcia*, the plaintiff was found not disabled because his previous work was not a composite job, but instead was a job defined by the Dictionary of Occupational Titles which merely required more strenuous duties than that type of job typically required in the national economy. In *Johnson*,

while the court did hold that plaintiff's past relevant work did not consist of a composite job because both jobs were separately defined in the Dictionary of Occupational Titles, the holding of the case turned on the fact that the plaintiff was capable of performing both jobs. Therefore, plaintiff's objections to the Magistrate's reliance on the aforementioned cases are sustained.

The Report and Recommendation, however, was not based solely on *Johnson* and *Garcia*. The Report and Recommendation ultimately found that substantial evidence supported the ALJ's implicit finding that bartending was not a necessary part of plaintiff's past relevant work as an administrative assistant, and, as such, plaintiff's past relevant work was not a composite job. The critical issue is whether the ALJ committed reversible error by failing to address whether or not plaintiff's past relevant work was a composite job. While there was evidence which could be construed as potentially raising the issue of a composite job, that argument was not presented directly to the ALJ, and the bulk of the evidence adduced at the administrative hearing does not support the argument plaintiff makes on appeal that her job was composite. The Report and Recommendation addresses plaintiff's claims and finds that there was substantial evidence to support the ALJ's finding of not disabled

Plaintiff also contends the Magistrate Judge erred by supplying post hoc rationalizations to justify the ALJ's failure to discuss her bartending functions. After review, the Court finds the ALJ's determination that plaintiff could perform her past relevant work as an administrative assistant constituted an implicit finding by the ALJ that the past work was not a composite job and that plaintiff could perform the duties of an administrative assistant as generally performed.

The undersigned United States District Judge has made an independent examination of the record in this case. The undersigned hereby SUSTAINS plaintiff's objections to the Report and Recommendation's reliance on the *Johnson* and *Garcia* cases, but OVERRULES plaintiff's

other objections, and ADOPTS the remainder of the Report and Recommendation of the Magistrate Judge, and AFFIRMS the administrative decision of the Commissioner finding plaintiff not disabled.

IT IS SO ORDERED.

ENTERED this _26th_ day of _September_ 2014.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE